IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 3:92-CR-365-D(29) |
| | ) | |
| BRYAN ANTHONY DAVIS, #40427-053, | ) | |
| Defendant. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on July 15, 2005, Defendant Bryan Anthony Davis's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Statement of the Case: Defendant was indicted for conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846, and conspiracy to structure financial transactions in violation of 18 U.S.C. § 371. A jury convicted Defendant on both counts, and the trial court sentenced him to life imprisonment on count one, sixty months imprisonment on count two, and a five-year term of supervised release. The Fifth Circuit affirmed the conviction and sentence on direct appeal. United States v. Davis, No. 94-10216 (5th Cir. May 24, 1995).

Defendant filed one prior motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 on April 22, 1997. See Davis v. United States, No. 3:97cv0901-D (N.D. Tex., Dallas Div.). On September 14, 1999, the District Court adopted the findings, conclusions and

recommendation of the magistrate judge, filed on June 29, 1999, and denied the § 2255 motion on the merits. Id. (Attachment I). Defendant appealed. On March 29, 2000, the Fifth Circuit Court of Appeals denied a request for a certificate of appealability. See No. 99-11104.

On July 14, 2005, Defendant filed this motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion relies on the recent decision of the United States Supreme Court in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government has not been ordered to respond to Defendant's motion.

Findings and Conclusions: 18 U.S.C. § 3582(c)(2) permits a district court to modify a prison term when it is based on a sentencing range that has been subsequently lowered by an amendment to the U.S. Sentencing Guidelines. "By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines." United States v. Privette, 129 Fed. Appx. 897, (5th Cir. Apr. 29, 2005) (unpublished per curiam). Therefore, Defendant's Booker arguments are not cognizable in the context of a § 3582(c)(2) motion. See id. (holding that defendant's Booker arguments were not cognizable in a § 3582 motion); see also United States v. Morrison, 131 Fed. Appx. 46 (5th Cir. Apr. 20, 2005) (unpublished per curiam) (same); United States v. Evans, 125 Fed. Appx. 569 (5th Cir. Apr. 5, 2005) (unpublished per curiam) (same).

Although the *pro* se pleadings of a prisoner are to be liberally construed, the magistrate judge declines to construe the motion as one brought pursuant to 28 U.S.C. § 2255. As noted above, Defendant previously filed a § 2255 motion collaterally attacking his conviction in this case. An evidentiary hearing was held in that instance as well. Therefore, his present motion should be considered in the precise context in which he has filed it – i.e. a motion brought

pursuant to 18 U.S.C. § 3582(c)(2).[1]  However, in the event that the District Court determines, in the alternative, that Defendant's motion should be construed as a § 2255 motion, the same should be dismissed for want of jurisdiction, but without prejudice to his right to seek from the Fifth Circuit leave to file a successive § 2255 motion.[2]

The AEDPA substantially changed the procedures to be applied and the jurisdiction of district courts when confronted with successive § 2255 motions.  The decision as to whether a prisoner should be permitted to file a successive petition is now reserved to a court of appeals, in this case the Fifth Circuit Court of Appeals.  Since it is clear that Movant has already sought relief under § 2255 which was denied on the merits, this court is without jurisdiction to consider his motion as a § 2255 motion, unless leave to file the same is granted by the Fifth Circuit.  See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

---

[1] In United States v. Towe, 26 F.3d 614, 616-17 (5th Cir. 1994), the Fifth Circuit made clear that the relief available under § 3582 is separate and distinct from the relief available to a prisoner in a § 2255 motion.

[2] In Towe, for example, the district court refused to permit the movant to amend his pleadings to assert claims cognizable under § 3582(e)(2).  The court then proceeded to rule on the § 2255 motion and denied one ground on the basis that the claim had been raised in a prior § 2255 motion and denied on the merits.  This disposition took place prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA).

RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court deny Defendant Brian Anthony Davis's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

A copy of this recommendation will be mailed to Defendant Brian Anthony Davis, #40427-053, FCI McKean, P.O. Box 8000, Bradford, PA 16701.

Signed this 10th day of August, 2005.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.